UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRYL PHELPS,

                Petitioner,

        -v.-

SUPERINTENDENT, Gouverneur Correctional Facility,

                Respondent.

20 Civ. 10352 (KPF)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION

KATHERINE POLK FAILLA, District Judge:

      Petitioner Darryl Phelps, currently incarcerated in Gouverneur Correctional Facility, filed this petition seeking compassionate release because of the COVID-19 pandemic. According to the New York State Department of Corrections and Community Supervision website, Petitioner is incarcerated for a parole violation, but he was originally convicted in 1997 in New York County, and his next parole hearing date is in May 2021. Petitioner asserts that he is 60 years old, suffers from hypertension, and is in "imminent danger" of contracting COVID-19. Petitioner does not describe the conditions of his confinement. On December 28, 2020, Petitioner submitted a letter seeking a temporary restraining order directing his release to a "residence facility."[1]

      Petitioner's application is styled as a motion for compassionate release under a provision applicable to federal prisoners, 18 U.S.C. § 3582(c)(1)(a).

---

[1] That letter indicates that Petitioner is seeking relief under 28 U.S.C. § 2241. (*See* Dkt. #3).

Because Petitioner is in custody pursuant to a state court judgment, § 3582(c)(1)(a) is inapplicable to him.

Because Petitioner seeks immediate release from incarceration, it appears that this application should be construed as a petition for a writ of *habeas corpus* under § 2254.  *Preiser* v. *Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*."); *see also Llewellyn* v. *Wolcott*, No. 20 Civ. 498 (JLS), 2020 WL 2525770, at *4 (W.D.N.Y. May 18, 2020) (noting that petitioner "does not seek an order directing prison or state officials to improve or correct any alleged deficiencies in those [unconstitutional] conditions; he seeks only immediate release from physical custody," which is available solely upon *habeas corpus* review).

Petitioner is barred under 28 U.S.C. § 1651 from filing any new action *in forma pauperis* (IFP), including a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, without first obtaining from the Court leave to file.  *See Phelps* v. *United States*, No. 93 Civ. 3330 (CLB) (S.D.N.Y. May 18, 1993).[2]  *See also*

---

[2]  Petitioner is also barred under 28 U.S.C. § 1915(g), the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), from filing any new action IFP while a prisoner unless his allegations satisfy the PLRA's "imminent danger" exception.  *See Phelps* v. *Berkman*, No. 12 Civ. 1437 (LAP) (S.D.N.Y. Aug. 29, 2012).  The PLRA's "three strikes" provision does not generally apply to *habeas* proceedings.  *See Jones* v. *Smith*, 720 F.3d 142, 145-46 (2d Cir. 2013) (noting that *habeas* petitions not subject to PLRA three strikes provision, unless "analogous to the types of traditional civil suits that Congress was concerned about when it enacted the PLRA").

*Phelps* v. *Leconey*, No. 1:12 Civ. 2695, 21 (LAP) (S.D.N.Y. Aug. 29, 2012) (citing bar order issued in No. 93 Civ. 3330 as basis for dismissing petition under § 1651).

Moreover, to proceed with a petition for a writ of *habeas corpus* in this Court, a petitioner must either pay the $5.00 filing fee or, to request authorization to proceed IFP, that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. Petitioner submitted this petition without the filing fee or an IFP application.

Within thirty (30) days of the date of this Order, Petitioner must either pay the $5.00 filing fee or complete and submit the attached IFP application. If Petitioner submits the IFP application, it should be labeled with docket number 20 Civ. 10352 (KPF). If the Court grants the IFP application, Petitioner will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).[3]

The Clerk of Court is directed to mail a copy of this Order to Petitioner and note service on the docket. No answer shall be required at this time. If Petitioner fails to comply with this Order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied

---

[3]  If Petitioner does not want to pursue relief under § 2254, he may notify the Court in writing within 30 days that he wishes to withdraw the application. *See Castro* v. *United States*, 540 U.S. 375, 383 (2003); *Adams* v. *United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam); *Cook* v. *New York State Div. of Parole*, 321 F.3d 274, 282 (2d Cir. 2003). If Petitioner does not inform the Court within 30 days of his intent to withdraw the application rather than have it recharacterized, the application shall remain designated as a petition under § 2254.

for the purpose of an appeal.  *Cf. Coppedge* v. *United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: December 29, 2020
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

(full name of the plaintiff or petitioner applying (each person must submit a separate application))

-against-

_____ CV _____ ( ) ( )

(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

_____

(full name(s) of the defendant(s)/respondent(s))

# APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS

I am a plaintiff/petitioner in this case and declare that I am unable to pay the costs of these proceedings and I believe that I am entitled to the relief requested in this action. In support of this application to proceed *in forma pauperis* (IFP) (without prepaying fees or costs), I declare that the responses below are true:

1. *Are you incarcerated?*   ☐ Yes   ☐ No   (If "No," go to Question 2.)
   I am being held at: _____

   Do you receive any payment from this institution?   ☐ Yes   ☐ No
   Monthly amount: _____

   If I am a prisoner, *see* 28 U.S.C. § 1915(h), I have attached to this document a "Prisoner Authorization" directing the facility where I am incarcerated to deduct the filing fee from my account in installments and to send to the Court certified copies of my account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b). I understand that this means that I will be required to pay the full filing fee.

2. Are you presently employed?   ☐ Yes   ☐ No
   If "yes," my employer's name and address are:

   Gross monthly pay or wages: _____

   If "no," what was your last date of employment? _____

   Gross monthly wages at the time: _____

3. In addition to your income stated above (which you should not repeat here), have you or anyone else living at the same residence as you received more than $200 in the past 12 months from any of the following sources? Check all that apply.

   (a) Business, profession, or other self-employment   ☐ Yes   ☐ No
   (b) Rent payments, interest, or dividends            ☐ Yes   ☐ No

| | | |
|---|---|---|
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ☐ No |
| (d) Disability or worker's compensation payments | ☐ Yes | ☐ No |
| (e) Gifts or inheritances | ☐ Yes | ☐ No |
| (f) Any other public benefits (unemployment, social security, food stamps, veteran's, etc.) | ☐ Yes | ☐ No |
| (g) Any other sources | ☐ Yes | ☐ No |

If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.

If you answered "No" to all of the questions above, explain how you are paying your expenses:

4. How much money do you have in cash or in a checking, savings, or inmate account?

5. Do you own any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, including any item of value held in someone else's name? If so, describe the property and its approximate value:

6. Do you have any housing, transportation, utilities, or loan payments, or other regular monthly expenses? If so, describe and provide the amount of the monthly expense:

7. List all people who are dependent on you for support, your relationship with each person, and how much you contribute to their support (only provide initials for minors under 18):

8. Do you have any debts or financial obligations not described above? If so, describe the amounts owed and to whom they are payable:

*Declaration:* I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims.

_____        _____
Dated                                Signature

_____        _____
Name (Last, First, MI)              Prison Identification # (if incarcerated)

_____        _____
Address        City                 State        Zip Code

_____        _____
Telephone Number                    E-mail Address (if available)