UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| DARRYL PHELPS, | |
|---|---|
| Petitioner, | 20 Civ. 10352 (KPF) |
| -v.- | **OPINION AND ORDER** |
| SUPERINTENDENT, *Gouverneur Correctional Facility*, | |
| Respondent. | |

KATHERINE POLK FAILLA, District Judge:

     Petitioner Darryl Phelps ("Petitioner"), who is proceeding *pro se* and is currently incarcerated at Gouverneur Correctional Facility, filed a petition pursuant to 28 U.S.C. § 2254 to be released from incarceration due to the COVID-19 pandemic (the "Petition"). Thereafter, Petitioner raised several additional claims in unsolicited supplements to his Petition, including challenges to the denial of parole and to his underlying conviction. Respondent Superintendent of the Gouverneur Correctional Facility filed a motion to dismiss the Petition, arguing that (i) Petitioner failed to exhaust his state administrative and judicial remedies prior to filing the Petition; (ii) Petitioner's request for release due to COVID-19 is not a proper subject of a Section 2254 petition; and (iii) Petitioner's challenge to his conviction is untimely. In response to the motion, Petitioner requested a stay of the Petition so that he may have the opportunity to exhaust his state remedies. For the reasons set forth herein, the Court grants Respondent's motion to dismiss the Petition and denies Petitioner's motion to stay.

# BACKGROUND[1]

## A. Factual Background

### 1. Petitioner's State Court Conviction

Petitioner pleaded guilty in 1998 in New York County Supreme Court to first degree burglary and attempted first degree rape. (Cieprisz Decl. ¶ 3). Petitioner's *pro se* motion to withdraw his guilty plea was denied, and Petitioner was sentenced as a mandatory persistent felony offender to concurrent indeterminate prison terms of 20 years' to life imprisonment on each count. (*See* Marinelli Aff. ¶ 4; Cieprisz Decl. ¶ 3; *id.* at Ex. 1). Petitioner's conviction was affirmed on appeal, with the Appellate Division agreeing with Petitioner's appellate counsel — who had filed a brief pursuant to *Anders* v. *California*, 386 U.S. 738 (1967), and *People* v. *Saunders*, 384 N.Y.S.2d 161 (1st Dep't 1976) — that there were no non-frivolous issues to be raised on appeal, while simultaneously rejecting Petitioner's *pro se* claims regarding errors in his conviction and sentence. *People* v. *Phelps*, 724 N.Y.S.2d 602 (1st Dep't 2001). The New York Court of Appeals thereafter denied Petitioner leave to appeal and,

---

[1] This Opinion draws its facts primarily from the Declaration of Margaret A. Cieprisz in Support of Respondent's Motion to Dismiss the Petition ("Cieprisz Decl." (Dkt. #23)), and the exhibits attached thereto ("Cieprisz Decl., Ex. [ ]"). Additional facts are drawn from the Affirmation in Opposition to Petitioner's Second Petition for a Writ of Error Coram Nobis, filed by the New York County District Attorney's Office in opposition to Petitioner's petition for a writ of error coram nobis from the Supreme Court of the State of New York, Appellate Division, First Judicial Department, and submitted as an attachment to Petitioner's letter to this Court received on March 26, 2021 ("Marinelli Aff." (Dkt. #17 at 4-12)).

For ease of reference, the Court refers to Petitioner's Petition for a Writ of Habeas Corpus as the "Petition" or "Pet." (Dkt. #1); Respondent's Memorandum of Law in Support of the Motion to Dismiss as "Resp. Br." (Dkt. #24); and Respondent's Opposition to Petitioner's Motion for a Stay as "Resp. Stay Opp." (Dkt. #33). Because Petitioner's claims are presented in numerous letters to the Court, where relevant the letters will be referred to by docket number.

on November 28, 2001, denied reconsideration of the denial of leave. *People* v. *Phelps*, 96 N.Y.2d 905, *reconsideration denied*, 97 N.Y.2d 657 (2001). Petitioner filed a motion challenging his 1998 conviction while his direct appeal was pending, but this motion was denied on July 26, 2000. (Cieprisz Decl. ¶ 8). Petitioner did not thereafter file any further challenges to this conviction until 2004. (*Id.*). Since then, Petitioner has continued his efforts to collaterally attack his conviction and sentence in state court, but all such efforts have been rejected. (*See* Marinelli Aff. ¶¶ 7-8).

### 2. Petitioner's Parole Board Proceedings

On May 13, 2019, the New York State Board of Parole (the "Parole Board" or "Board") denied Petitioner parole after a review of his records and a personal interview. (Cieprisz Decl., Ex. 2). The Parole Board additionally imposed a hold of reconsideration for 24 months. (*Id.*). Petitioner filed an administrative appeal of the decision on October 7, 2019, which appeal the Parole Board's Appeals Unit rejected on February 24, 2020. (*Id.* at Ex. 3). The Appeals Unit found that the Parole Board had considered the requisite factors and that the Board's decision was supported by the record, and accordingly affirmed the Board's decision. (*See id.*).

Petitioner then filed a petition in the St. Lawrence County Supreme Court on March 19, 2020, challenging the Appeals Unit's decision pursuant to Article 78 of the New York Civil Practice Law and Rules ("CPLR"). (*See* Cieprisz Decl., Ex. 4). On July 29, 2020, the Supreme Court dismissed the petition without prejudice due to Petitioner's failure to properly serve the New York

State Office of the Attorney General ("OAG") and the Parole Board. (*See id.*). Petitioner filed a new Article 78 petition in August 2020, again challenging the May 2019 parole denial. (*Id.* at Ex. 5; *see also id.* at Ex. 6). That petition remains pending. (*Id.* at ¶ 6).

Petitioner's most recent parole hearing was scheduled for May 18, 2021. (*See* Dkt. #27, 28). The record does not disclose whether the hearing occurred and, if so, what transpired during the hearing. The Court understands that Petitioner's next scheduled parole hearing is in November 2021.[2]

**B.    Procedural History**

On December 8, 2020, the Court received from Petitioner a letter dated October 30, 2020, requesting release from incarceration on account of the threat to his health posed by COVID-19. (Dkt. #1). This letter was classified as a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and was assigned to this Court. Petitioner raised additional, unrelated claims in subsequent letters filed on December 28, 2020 (Dkt. #3), January 12, 2021 (Dkt. #5), January 14, 2021 (Dkt. #7-8), and February 4, 2021 (Dkt. #10).

On February 5, 2021, the Court granted Petitioner leave to proceed *in forma pauperis*. (Dkt. #12). The same day, the Court ordered Respondent to answer the Petition and Petitioner's supplemental filings to date within 60 days of the Order. (Dkt. #13). Respondent filed a motion to dismiss the Petition on April 6, 2021. (Dkt. #22-25).

---

[2]    Information available at http://nysdoccslookup.doccs.ny.gov/ (last accessed June 4, 2021).

4

The Court received additional letters from Petitioner on February 22 (Dkt. #16), March 26 (Dkt. #17), April 5 (Dkt. #21), April 7 (Dkt. #26), April 13 (Dkt. #27), April 15 (Dkt. #28), May 6 (Dkt. #32), May 13 (Dkt. #34), May 18 (Dkt. #35), May 20 (Dkt. #36), June 3 (Dkt. #37), and June 4, 2021 (Dkt. #38-39). On April 15, 2021, the Court ordered Respondent to respond to a letter in which Petitioner requested that his Petition be stayed pending exhaustion of his claims in state court. (Dkt. #28). Petitioner has reiterated his request for a stay in subsequent letters to the Court. (*See* Dkt. #32, 35). Respondent filed a letter in opposition to Petitioner's requested stay on May 6, 2021. (Dkt. #33).

The Court now resolves Respondent's motion to dismiss the Petition and Petitioner's request for a stay.

## DISCUSSION

### A. Petitioner's Claims

Petitioner's original filing, which is dated October 30, 2020, and was received by the Court on December 8, 2020, contains only a request for release from incarceration due to the risk posed by COVID-19 and his pre-existing health conditions. (*See* Dkt. #1). In subsequent letters, Petitioner recast this request as a claim under the Eighth Amendment for deliberate indifference to a serious risk of harm to Petitioner's health. (*See* Dkt. #3, 5, 10). Then, without seeking leave to amend his Petition, Petitioner filed a series of letters raising grievances regarding the validity of his 1998 guilty plea and conviction, the effectiveness of his trial and appellate counsel, the conditions of supervised release included in his sentence, and the Parole Board's May 2019 decision to

5

deny him parole. (*See, e.g.*, Dkt. #7, 8, 10). Petitioner's most recent letters have focused on his parole denial and ineffective assistance of counsel claims; they have not addressed his COVID-19 claim. (*See, e.g.*, Dkt. #32, 35, 36).

**B.     The Court Grants Respondent's Motion to Dismiss the Petition**

Respondent raises three grounds for dismissal of the Petition, as *de facto* amended by Petitioner's supplemental filings: (i) Petitioner has not exhausted his state remedies on his Eighth Amendment and parole denial claims, and has not provided a valid excuse for failing to do so; (ii) Petitioner's Eighth Amendment claim is not cognizable under 28 U.S.C. § 2254 because it concerns the conditions of Petitioner's confinement rather than the validity or duration of his confinement; and (iii) Petitioner's challenge to his underlying state conviction is not properly presented to this Court and, in any event, is time-barred. (Resp. Br. 1). In response, Petitioner requested a stay of the Petition in order to allow him to exhaust his state remedies with respect to his challenges to his parole denial and to his underlying conviction. *(See* Dkt. #28). Petitioner does not express an intention to pursue his Eighth Amendment claim regarding COVID-19 in state administrative or judicial proceedings, nor does he address Respondent's second and third arguments for dismissal. *(See id.*).

    **1.     Petitioner's Eighth Amendment and Parole Denial Claims Are Unexhausted**

        **a.     Applicable Law**

A district court may consider an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court "on

6

the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, such application may be granted only if it appears that "the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A); *Carvajal* v. *Artus*, 633 F.3d 95, 104 (2d Cir. 2011) ("[B]efore a federal court can consider a habeas application brought by a state prisoner, the habeas applicant must exhaust all of his state remedies."). Petitioner bears the burden of establishing exhaustion. *See Colon* v. *Johnson*, 19 F. Supp. 2d 112, 119-20 (S.D.N.Y. 1998) (citing *United States ex rel. Cuomo* v. *Fay*, 257 F.2d 438, 442 (2d Cir. 1958), *cert. denied*, 358 U.S. 935 (1959)); *accord Fudge* v. *Laclair*, No. 13 Civ. 1370 (GTS) (TWD), 2017 WL 784785, at *5 (N.D.N.Y. Jan. 18, 2017); *Vittor* v. *N.Y. State Dep't of Corr. and Cmty. Supervision*, No. 13 Civ. 3112 (KAM), 2014 WL 1922835, at *2 (E.D.N.Y. May 14, 2014).

In order to exhaust his state remedies, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin* v. *Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan* v. *Henry*, 513 U.S. 364, 365 (1995) (per curiam)). "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey* v. *Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye* v. *Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc)).

New York State prisoners may contest the conditions of their confinement through a petition under CPLR Article 78.  *See, e.g.*, *Matter of Wooley* v. *N.Y. State Dep't of Corr. Servs.*, 15 N.Y.3d 275 (2010) (considering Article 78 petition claiming that prison's denial of medical treatment was arbitrary and capricious, and constituted cruel and unusual punishment under the Eighth Amendment).  In addition, they may contest their confinement by filing a habeas corpus petition in state court pursuant to CPLR Article 70.  *See* CPLR § 7002(a).  Adverse final decisions under Article 70 are appealable as of right, *see* CPLR § 7011, and adverse decisions under Article 78 are appealable by permission, *see* CPLR § 5701(b)(1), (c).  In each case, the relevant judgment of the trial court must first be appealed to an intermediate appellate court, which is usually the Appellate Division.  *See* N.Y. Crim. Proc. Law § 460.70; CPLR §§ 5701, 7011; *Simpson* v. *Keyser*, No. 20 Civ. 6408 (AJN), 2020 WL 6126391, at *3 (S.D.N.Y. Oct. 14, 2020); *Pollack* v. *Patterson*, No. 10 Civ. 6297 (JGK) (JLC), 2012 WL 2369493, at *3 (S.D.N.Y. June 22, 2012).  If the Appellate Division's decision adversely affects the petitioner, he should then seek leave to appeal to the New York Court of Appeals, the highest New York State court.  *See* N.Y. Crim. Proc. Law § 460.20; *Simpson*, 2020 WL 6126391, at *3; *Pollack*, 2012 WL 2369493, at *3.

        **b.**    **Petitioner's Eighth Amendment Claim**

Nowhere in his pleadings nor in response to Respondent's motion to dismiss does Petitioner state that he has raised a claim pertaining to COVID-19 in any state court proceeding.  Furthermore, as Respondent attests, searches

8

of the records of the St. Lawrence County Supreme Court and of OAG have not located any such filings. (Cieprisz Decl. ¶ 7). Given Petitioner's burden to establish exhaustion, *see Colon,* 19 F. Supp. 2d at 119-20, and his failure to meet this burden, the Court concludes that Petitioner's COVID-19 claim is unexhausted and thus premature. *Accord Simpson* v. *N.Y. State Dep't of Corr.*, No. 20 Civ. 1363 (GLS) (TWD), 2020 WL 6799370, at *2-3 (N.D.N.Y. Nov. 19, 2020); *Brooks* v. *Wolcott,* No. 20 Civ. 516 (JLS), 2020 WL 3103795, at *4-5 (W.D.N.Y. June 11, 2020).

Additionally, Petitioner has not shown good cause for the Court to waive the exhaustion requirement. In rare cases, a lack of exhaustion may be excused if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Neither exception applies here. Petitioner could have filed a petition in state court under CPLR Article 78 or Article 70, and indeed did file a non-COVID-19-based Article 78 petition in the St. Lawrence County Supreme Court in March 2020, which petition was denied on July 29, 2020. (*See* Cieprisz Decl., Ex. 4). New York state courts have remained open during the pandemic to handle essential business, including "emergency applications related to the coronavirus." (*Id.* at Ex. 8). Petitions for release due to COVID-19, brought under CPLR Article 70, have been granted in certain instances. *See Bergamaschi* v. *Cuomo,* No. 20 Civ. 2817 (CM), 2020 WL 1910754, at *4 (S.D.N.Y. Apr. 20, 2020) ("The record reflects that numerous [CPLR Article 70] petitions have been brought [during the COVID pandemic],

9

and many granted by justices of the New York State Supreme Court."); *Tripathy* v. *Schneider*, 473 F. Supp. 3d 220, 231-32 (W.D.N.Y. 2020) ("[T]he New York state courts … have been considering and resolving emergency COVID-19 applications for release brought by state inmates and detainees under N.Y. C.P.L.R. Article 70." (collecting cases)). Since Petitioner has set forth no basis to excuse the exhaustion requirement, the Court concludes that his Eighth Amendment claim related to COVID-19 must be dismissed. The Court dismisses the claim without prejudice, subject to renewal in a new petition when Petitioner properly exhausts his state remedies.[3]

### c. Petitioner's Parole Denial Claim

Petitioner likewise has not exhausted his parole denial claim or provided any basis to excuse his failure to exhaust. "To exhaust a denial of parole under New York law, the inmate must first file an administrative appeal with the Division of Parole's Appeals Unit. If that appeal is denied, he must seek relief in state court pursuant to Article 78." *Scales* v. *N.Y. State Div. of Parole*, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005) (internal quotation marks omitted); *cf. McCullough* v. *N.Y. State Div. of Parole*, No. 11 Civ. 1112 (DNH) (DEP), 2015 WL 2340784, at *4 (N.D.N.Y. Apr. 15, 2015) (addressing the "typical path for exhausting a claim concerning a petitioner's parole revocation proceeding"). "If the Article 78 petition is denied, the petitioner must appeal that denial to the

---

[3] Because the Court concludes that Petitioner's COVID-19 claim must be dismissed because it is unexhausted, the Court does not address Respondent's alternative argument that the claim is not the proper subject of a habeas corpus petition under 28 U.S.C. § 2254, but rather should be presented as a claim under 42 U.S.C. § 1983. (*See* Resp. Br. 9-19).

10

'highest state court capable of reviewing it.'" *Scales*, 396 F. Supp. 2d at 428 (quoting *Cotto* v. *Herbert*, 331 F.3d 217, 237 (2d Cir. 2003)).

Here, Petitioner is in the middle of the appeals process for his parole denial claim — he submitted an administrative appeal to the Appeals Unit, which appeal was rejected, and subsequently brought a petition under Article 78 in the St. Lawrence County Supreme Court. However, no decision on Petitioner's Article 78 petition has yet been issued. (Cieprisz Decl. ¶ 6). Petitioner's claim is thus unexhausted and will remain so until (i) he receives a decision from the trial court, and (ii) if that decision is adverse, appeals his claim to the Appellate Division and, (iii) if necessary, to the New York Court of Appeals.

Here again, Petitioner does not provide, and the Court cannot identify, any reason why the exhaustion requirement should be waived. Accordingly, Petitioner's parole denial claim is brought prematurely and thus is dismissed without prejudice.

### 2. Petitioner's Challenge to His Underlying Conviction Is Not Properly Before the Court and Would Be Futile

In a series of letters filed with the Court after the submission of his original petition, Petitioner has raised concerns regarding the validity of his 1998 guilty plea and conviction. (*See* Dkt. #8, 10, 17, 28, 32, 36, 37, 39). As an initial matter, Petitioner did not seek leave to amend his Petition to include these supplementary claims. Consequently, they are not now properly before the Court. However, the Second Circuit has directed that "[a] *pro se* complaint should not be dismissed without the Court's granting leave to amend at least

11

once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Grullon* v. *City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (internal quotation marks and alterations omitted) (quoting *Chavis* v. *Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). That said, "[l]eave to amend may properly be denied if the amendment would be 'futile.'" *Id.* at 140 (quoting *Foman* v. *Davis*, 371 U.S. 178, 182 (1962)).

The Court concludes that permitting Petitioner leave to amend would be futile because Petitioner's claims regarding his 1998 guilty plea and conviction are time-barred. Federal law provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This one-year limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" *Id.* § 2244(d)(2).

With respect to condition (A), Petitioner's state court conviction became final on February 26, 2002, 90 days after the New York Court of Appeals denied reconsideration of its decision denying his application for leave to appeal. *See People* v. *Phelps*, 97 N.Y.2d 657 (2001). To comply with the statute of limitations, Petitioner needed to file a federal habeas petition on or before February 26, 2003. Petitioner did not file a federal habeas petition before that date, nor did he file any state-court post-conviction applications in the interim that would have served to toll his time to file a federal habeas petition. (*See* Cieprisz Decl. ¶ 8).

The Court sees no basis for the application of conditions (B) or (C). And as the Court understands from Petitioner's letters, his claims concern whether his trial and appellate counsel provided effective assistance, and whether his guilty plea was knowing and voluntary. Petitioner was aware of the factual predicate for such claims certainly no later than when the state court judgment became final, on February 26, 2002. Thus, condition (D) does not save Petitioner's claim from untimeliness.

In sum, even if the Court were to permit Petitioner to amend his Petition to include claims relating to his underlying conviction, such claims would be subject to dismissal as untimely under 28 U.S.C. § 2244. Amendment would

therefore be futile and the Court declines to permit it, Petitioner's *pro se* status notwithstanding.

## C. The Court Denies Petitioner's Request for a Stay of His Petition

In response to Respondent's motion to dismiss the Petition, Petitioner requests that the Court stay this matter, rather than dismiss it, to allow him the opportunity to exhaust his state court remedies. (*See* Dkt. #28, 32, 35). Respondent argues that a stay is not warranted, and that dismissal is appropriate instead. (*See* Resp. Stay Opp. 2).

A stay pending exhaustion is not appropriate here because the Petition is completely unexhausted. *See, e.g., Cooper* v. *Lapra*, No. 18 Civ. 9405 (KPF), 2020 WL 3264219, at *2 (S.D.N.Y. June 17, 2020) (dismissing completely unexhausted petition without prejudice); *Baity* v. *McCary*, No. 02 Civ. 1817 (LAP) (AJP), 2002 WL 31433293, at *2 (S.D.N.Y. Oct. 31, 2002) ("Because [petitioner] has failed to exhaust *any* of his claims, this Court has no basis to retain jurisdiction over his unexhausted habeas petition, which should be dismissed." (citing *Diguglielmo* v. *Sankowski*, 42 F. App'x 492, 496 (2d Cir. 2002) (summary order); *Carpenter* v. *Reynolds*, 212 F. Supp. 2d 94, 98 (E.D.N.Y. 2002); *Ramos* v. *Superintendent of Clinton Corr. Facility*, No. 01 Civ. 8743 (LAP) (FM), 2002 WL 1226860, at *3 (S.D.N.Y. Apr. 12, 2002))). As such, the "stay-and-abeyance" procedure approved by the Supreme Court for "mixed petitions" in which some claims are exhausted and others are unexhausted, *see Rhines* v. *Weber*, 544 U.S. 269, 278 (2005), is not available. The Court

14

therefore declines to grant Petitioner's requested stay, and instead grants Respondent's motion for dismissal.

## CONCLUSION

For the reasons given, the Court GRANTS in full Respondent's motion to dismiss the Petition and DENIES Petitioner's request to stay the Petition. Petitioner's Eighth Amendment and parole denial claims are DISMISSED without prejudice, subject to renewal in a separate petition after Petitioner exhausts his state court remedies. Petitioner is DENIED leave to amend his petition to include claims regarding the validity of his underlying 1998 conviction.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* ("IFP") status is denied for the purpose of an appeal. *Cf. Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue). Furthermore, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(A), as Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case. The Clerk of Court is further directed to mail a copy of this Order to Petitioner's address of record.

SO ORDERED.

Dated: June 7, 2021
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge