UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRYL PHELPS,

                Petitioner,

        -v. -

SUPERINTENDENT, *Gouverneur Correctional Facility*,

                Respondent.

20 Civ. 10352 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On June 17, 2024, the Court warned Petitioner Darryl Phelps that "future submissions in connection with this action will be met with a filing ban," in view of the fact "that this case is closed, and this Court is unable to provide Mr. Phelps with any assistance or relief regarding his current incarceration or the charges underlying it." (Dkt. #56 (citing *Moates* v. *Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."))).

Since that warning, Mr. Phelps has filed:

- An "Affirmation" requesting a temporary restraining order and permanent injunction pursuant to Federal Rule of Civil Procedure 65 on the basis that Mr. Phelps should "not be required to Post Security" (Dkt. #57);

- An "Affirmation" purporting to submit documents to this Court and the New York Attorney General's Office (Dkt. #58);

- An "Affidavit-Affirmation" seeking $5,000,000 in damages from his former parole officer for violations of his Fifth and Fourteenth Amendment Rights (Dkt. #59);

- An "Affidavit-Affirmation" purporting to bring claims against his former parole officer pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2254 (Dkt. #60);

- An "Affidavit-Affirmation" substantially reciting Federal Rule of Civil Procedure 60, Relief from a Judgment or Order (Dkt. #61);

- An "Affidavit-Affirmation" challenging New York state's parole procedures pursuant to 42 U.S.C. § 1983, seeking declaratory and injunctive relief (Dkt. #62);

- A second "Affidavit-Affirmation" purporting to submit documents to this Court and the New York Attorney General's Office (Dkt. #63); and

- An "Affidavit-Affirmation" requesting a declaratory judgment and temporary restraining order pursuant to Federal Rule of Civil Procedure 65 in connection with his obligation to register as a sex offender under the New York State Sex Offender Registration Act (Dkt. #64).

The Court believes that it may be possible for Mr. Phelps to challenge the conditions of his parole, including his obligation to register as a sex offender under the New York State Sex Offender Registration Act, and/or to seek redress for the other injuries he claims to have suffered, **by initiating a new, independent lawsuit**. *See, e.g., Jones* v. *Cunningham*, 371 U.S. 236 (1963) (finding that state prisoner who had been placed on parole was under the "custody and control" of the parole board, and could challenge the conditions of his parole via a habeas proceeding); *Wilkinson* v. *Dotson*, 544 U.S. 74 (2005) (allowing state prisoners to bring a § 1983 action for declaratory and injunctive

2

relief challenging the constitutionality of state parole procedures). Significantly, however, Mr. Phelps cannot bring these challenges *in this case*, which concerns a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking Mr. Phelps's release from incarceration due to the COVID-19 pandemic. (Dkt. #1). The petition underlying this case was filed on December 8, 2020, and was resolved on June 7, 2021. (Dkt. #40-41). What is more, in the course of an appeal to the Second Circuit, Mr. Phelps was released on parole; the Second Circuit thus vacated the Court's judgment and remanded with instructions to dismiss the petition as moot (Dkt. #43), which the Court did on March 28, 2022 (Dkt. #44).

In view of the foregoing series of events, the Court hereby ENJOINS Mr. Phelps from filing further papers on the docket of this action, No. 20 Civ. 10352, without leave of the Court, pursuant to the All Writs Act. *See* 28 U.S.C. § 1651(a); *see also Smith* v. *Educ. People, Inc.*, No. 05-2971, 2008 WL 749564, at *4 (2d Cir. Mar. 20, 2008) (summary order) (affirming the district court's order "enjoining [*pro se* plaintiff] from further duplicative actions, motions, petitions, or proceedings," and concluding that "the district court acted within its discretion under the All Writs Act, to effectuate and protect its judgment and to prevent vexatious litigation" (internal citation omitted)). Any further filings by Mr. Phelps are subject to being stricken from the docket without further order of the Court.

The Clerk of Court is directed to terminate the pending motion at docket entry 61. The Clerk of Court is further directed to send a copy of this Order to Mr. Phelps at the following address:

> Darryl Phelps (23-B-1088)
> Elmira Correctional Facility
> P.O. Box 500
> Elmira, NY 14902-0500

SO ORDERED.

Dated: July 8, 2024
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge